```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

GARY ROBERT                                CIVIL ACTION

VERSUS                                     NO: 10-650

AMERICAN BANKERS INSURANCE                 SECTION: "A" (2)
CO. OF FLORIDA
```

## ORDER AND REASONS

According to the complaint Plaintiff filed this suit to recover under a lender-placed homeowner's policy for damages sustained during Hurricane Katrina.  However, Defendant advises that this case is for damage to a mobile home caused by a grease fire.  The exhibits to Defendants' motions, including a demand letter from Plaintiff's counsel, support that contention.  (Rec. doc. 9 Exh. C).  The loss occurred more than a year after Hurricane Katrina.  (Rec. Doc. 9 Exh. B).  Plaintiff relies upon 28 U.S.C. § 1332, diversity jurisdiction, for subject matter jurisdiction in federal court.

Defendant has filed a motion to dismiss this action for lack of subject matter jurisdiction contending that the amount in controversy does not exceed $75,000.  Defendant points out that the policy at issue had combined limits of $65,500 with a total of only $42,757.20 available to recover under the policy after previous payments are deducted.   Defendant contends that Plaintiff's claims for extra contractual damages are completely

1

unsupported and therefore cannot aid him in meeting the jurisdictional amount.

In opposition, Plaintiff has submitted a memorandum arguing that his claims for penalties and attorney's fees put him over the jurisdictional minimum and that the Fifth Circuit's Dickerson decision means that his mental distress claim is worth $25,000. Dickerson v. Lexington Insurance Co., 566 F.3d 290 (5th Cir. 2009).

Diversity jurisdiction exists when the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.[1] 28 U.S.C. § 1332(a). The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it. St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998) (citing Gaitor v. Peninsular & Occidental S.S., 287 F.2d 252, 253-54 (5th Cir. 1961)). The sum claimed by the plaintiff controls if the claim is made in good faith. Id. (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938)). To justify dismissal "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." Id. (quoting St. Paul Mercury, 303 U.S. at 289). Bare allegations of jurisdictional facts are not sufficient to support federal court jurisdiction. Id. (quoting

---

[1] The second requirement for diversity jurisdiction, diversity of citizenship, is not at issue.

Asociacion Nac. de Pescadores a Peq. Esc. o Art. de Colom. v. Dow Quimica de Colom. S.A., 988 F.2d 559, 566 (5th Cir. 1993)).

Far less than $50,000 remains payable under the policy for any uncompensated losses.  With so little remaining under the policy Plaintiff's burden of establishing that the jurisdictional amount is satisfied via extra contractual damages is a difficult one.  Plaintiff's opposition does nothing to expound upon his claim for extra contractual damages, which may or may not exist.[2]  If they do exist, nothing suggests that they add enough to Plaintiff's principal demand to meet the jurisdictional minimum of this Court.  Moreover, bare claims for penalties, without more, are not determinative of the amount in controversy.[3]

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 9)** filed by defendant American Bankers Insurance Co. of Florida is **GRANTED.**  Plaintiff's complaint is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

December 10, 2010

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[2] The opposition memorandum addresses Hurricane Katrina.  Again, the cause of the loss in this case was fire.

[3] Cynthia Johnson, No. 10-653, Rec. Doc. 16 at 6 n.5 (citing Guyton v. ZC Sterling Corp., No. 09-1775, 2009 WL 2160442 (E.D. La. June 15, 2009); Johnson v. American Sec. Ins. Co., No. 10-652, 2010 WL 2680583 (E.D La. June 30, 2010)).